FILED

IN THE UNITED STATES DISTRICT COURT
OF THE NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

12 JUN 25 AM 10: 04

U.S. DISTRICT COURT
FOR THE NORTHERN DISTRICT
OF INDIANA

| | | |
|---|---|---|
| JENNIFER LOMBARDY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 1:12CV210RL |
| | ) | Trial by Jury Demanded |
| NORFOLK SOUTHERN RAILWAY | ) | |
| COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT AT LAW

NOW COME the Plaintiff, JENNIFER LOMBARDY, by and through her attorneys, CRAIG W. CHURCH and HOEY & FARINA, and for her Complaint against the Defendant, NORFOLK SOUTHERN RAILWAY COMPANY, and states as follows:

1. Jurisdiction of this Court is invoked under the provisions of Title 45 U. S. Code, Sec. 56, and Title 28 U. S. Code, Sec. 1331.

2. This action arises under, and the rights and liabilities of the parties to this cause are governed by, the Federal Employer's Liability Act, 45 U.S.C. sec. 51 et seq.

3. At all pertinent times, Defendant, NORFOLK SOUTHERN RAILWAY COMPANY, was and is a railroad corporation doing business in the State of Indiana.

4. On December 6, 2009, at about 3:30 p.m. and at all pertinent times, Defendant, NORFOLK SOUTHERN RAILWAY COMPANY, owned and operated in interstate commerce a railroad which carried freight.

5. On December 6, 2009, at about 3:30 p.m. and at all pertinent times, Plaintiff, JENNIFER LOMBARDY, was employed by the Defendant, NORFOLK SOUTHERN RAILWAY COMPANY, as a conductor.

6. On December 6, 2009, at all pertinent times, Defendant, NORFOLK SOUTHERN RAILWAY COMPANY, managed, maintained, and used a portion of its railroad system, a section of track referred to as milepost RK127, in Dunkirk, Indiana.

7. On December 6, 2009, at all pertinent times, Defendant, NORFOLK SOUTHERN RAILWAY COMPANY, managed, maintained, and used as on a portion of its railroad system, train number L99.

8. On December 6, 2009, at all pertinent times, Plaintiff, JENNIFER LOMBARDY, was performing work for Defendant, NORFOLK SOUTHERN RAILWAY COMPANY, in connection with or in furtherance of Defendant, NORFOLK SOUTHERN RAILWAY COMPANY's business of interstate commerce and transportation.

9. In the course of her duties on December 6, 2009, at about 3:30 p.m. and at all pertinent times, Plaintiff, JENNIFER LOMBARDY, was required to work as a conductor on Defendant, NORFOLK SOUTHERN RAILWAY COMPANY's train number L99.

10. On December 6, 2009, at about 3:30 p.m. and at all pertinent times, Defendant, NORFOLK SOUTHERN RAILWAY COMPANY's train number L99, which contained Plaintiff, JENNIFER LOMBARDY, was making a shove move to spot rail cars, and Plaintiff was making a proper car count while riding the rear railcar of the shove movement, when the train abruptly stopped, slamming Plaintiff into the rail car.

11. As a result of the violent abrupt stop, and Plaintiff violently being known against the rail car, Plaintiff, JENNIFER LOMBARDY, was severely injured.

12. At all pertinent times, it was the continuing duty of the Defendant, NORFOLK SOUTHERN RAILWAY COMPANY, at the time and place in question, to provide Plaintiff, JENNIFER LOMBARDY, with a reasonably safe place to work; to provide reasonably safe

conditions in which to work; to provide reasonably safe tools and equipment; and Defendant had an absolute duty to comply with the regulations promulgated by the Federal Railroad Administration.

    13.    In violation of its duties, Defendant, NORFOLK SOUTHERN RAILWAY COMPANY, negligently and carelessly failed to provide Plaintiff, JENNIFER LOMBARDY, with a safe place to work, by committing one or more of the following negligent acts or omissions:

    (a).    through its engineer negligently operated the locomotive engine;

    (b).    failed to adopt, install, implement and enforce a safe method and procedure for the operation of locomotives;

    (c).    negligently failed to stop the shove movement when radio communications were not completely understood;

    (d).    failed to adequately train, educate, supervise, qualify and test its locomotive engineer;

    (e).    failed to supply adequate radios for designated radio channels;

    (f).    failed to adopt, install, implement and enforce a safe method and procedure for shove movements and radio communications;

    (g).    failed to provide radios that were adequate and functioned properly;

    (h).    violated its own operational and safety rules;

    (i).    violated 49 CFR 220.49 which required the shove movement to stop in one-half the distance unless additional instructions are received;

    (j).    violated 49 CFR 220.45 which required that radio communications not be acted upon if not complete;

    (k).    failed to adequately train and instruct its locomotive engineer;

    (l).    failed to adequately supervise;

    (m).    failed to adequately train and instruct the train crew;

A0398     (Rev.01/09) Notice of Lawsuit and Request to Waive Service of a Summons

# UNITED STATES DISTRICT COURT
For the NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| JENNIFER LOMBARDY<br><br>                    Plaintiff,<br>vs.<br><br>NORFOLK SOUTHERN RAILWAY COMPANY,<br><br>                    Defendant. | )<br>)<br>)  No.<br>)<br>)  TRIAL BY JURY DEMANDED<br>)<br>) |

## NOTICE OF LAWSUIT AND REQUEST FOR WAIVER OF SERVICE OF SUMMONS

TO:     Illinois Corporation Service, 801 Adlai Stevenson Drive, Springfield, IL 62703
(Name of the defendant or – if the defendant is a corporation, partnership, or association – an officer or agent authorized to receive service

**Why are you getting this?**

A lawsuit has been commenced against you, or the entity you represent, in this court under the number shown above. A copy of the complaint is attached.

This is not a summons, or an official notice from the court. It is a request that, to avoid expenses, you waive formal service of a summons by signing and returning the enclosed waiver. To avoid these expenses, you must return the signed waiver within __30__ days (*give at least 30 days, or at least 60 days if the defendant is outside any judicial district of the United States*) from the date shown below, which is the date this notice was sent. Two copies of the waiver form are enclosed, along with a stamped, self-addressed envelope or other prepaid means for returning one copy. You may keep the other copy.

**What happens next?**

If you return the signed waiver, I will file it with the court. The action will then proceed as if you had been served on the date the waiver is filed, but no summons will be served on you and you will have 60 days from the date this notice is sent (see the date below) to answer the complaint (or 90 days if this notice is sent to you outside any judicial district of the United States).

If you do not return the signed waiver within the time indicated, I will arrange to have the summons and complaint served on you. And I will ask the court to require you, or the entity you represent, to pay the expenses of making service.

Please read the enclosed statement about the duty to avoid unnecessary expenses.

I certify that this request is being sent to you on the date below.

Date: _____

                                          _____
                                          *Signature of the attorney or unrepresented party*

                                          CRAIG W. CHUCH
                                              *Printed name*

                                        542 South Dearborn Street, Suite 200
                                        Chicago, Illinois 60605
                                                 *Address*

                                        church@hoeyfarina.com
                                             *E-mail address*

                                        312.939.1212
                                          *Telephone number*

(n). violated 49 CFR 217.11 which required that Defendant periodically instruct each employee on the meaning and application of the railroad's operating rules in accordance with a written program retained by Defendant.

14. Defendant's failure to provide Plaintiff JENNIFER LOMBARDY, with a safe place to work by one or more of the aforementioned negligent acts or omissions caused, in whole or in part, Plaintiff's injuries.

15. As a consequence, Plaintiff, JENNIFER LOMBARDY, incurred injuries which have caused and will continue to cause her great pain, suffering, inconvenience, anguish and disability; as a further result, Plaintiff, JENNIFER LOMBARDY, has been and will in the future be kept from attending to her ordinary affairs and duties, and has lost and will lose great gains which she otherwise would have made and acquired; as a further result, Plaintiff, JENNIFER LOMBARDY, has incurred medical, hospital and related expenses, and is reasonably certain to incur further medical, hospital and related expenses in the future.

16. Plaintiff, JENNIFER LOMBARDY, demands trial by jury.

WHEREFORE, Plaintiff, JENNIFER LOMBARDY, demands judgment in his favor and against Defendant, NORFOLK SOUTHERN RAILWAY COMPANY, in a sum in excess of the jurisdictional minimum, plus the costs of this suit.

_____
CRAIG W. CHURCH

HOEY & FARINA
542 South Dearborn
Suite 200
Chicago, Illinois  60605
(312) 939-1212
church@hoeyfarina.com